**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 14-cv-02139-REB

KELLY A. KNUUTILA,

    Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

    Defendant.

**ORDER REVERSING DISABILITY
DECISION AND REMANDING TO COMMISSIONER**

**Blackburn, J.**

    The matter before me is plaintiff's **Complaint** [#1],[1] filed August 1, 2014, seeking review of the Commissioner's decision denying plaintiff's claim for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. § 401, *et seq.* I have jurisdiction to review the Commissioner's final decision under 42 U.S.C. § 405(g). The matter has been fully briefed, obviating the need for oral argument. I reverse and remand.

## I. FACTUAL AND PROCEDURAL BACKGROUND

    Plaintiff alleges that she is disabled as a result of bipolar disorder, post-traumatic stress disorder, depression, osteoarthritis, degenerative disc disease, peripheral neuropathy, and obesity. After her application for supplemental security income

---

[1] "[#1]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

benefits was denied, plaintiff requested a hearing before an administrative law judge. This hearing was held on February 7, 2013. At the time of the hearing, plaintiff was 49 years old. She has a high school education and no relevant past work experience. She has not engaged in substantial gainful activity since November 18, 2011, the date of her application for benefits.

The ALJ found that plaintiff was not disabled and therefore not entitled to supplemental security income benefits. Although the medical evidence established that plaintiff suffered from severe physical and mental impairments, the judge concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations. The ALJ found that plaintiff had the residual functional capacity to perform a range of light, unskilled work with additional postural, environmental, and non-exertional limitations. Although plaintiff had no past relevant work, the ALJ concluded that there were jobs existing in significant numbers in the national and local economies that she could perform. He therefore found plaintiff not disabled at step five of the sequential evaluation. Plaintiff appealed this decision to the Appeals Council. The Council affirmed. Plaintiff then filed this action in federal court.

## II.  STANDARD OF REVIEW

A person is disabled within the meaning of the Social Security Act only if her physical and/or mental impairments preclude her from performing both her previous work and any other "substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2). "When a claimant has one or more severe impairments the Social Security [Act] requires the [Commissioner] to consider the combined effects of the impairments in making a disability determination." ***Campbell v. Bowen***, 822 F.2d 1518,

1521 (10th Cir. 1987) (citing 42 U.S.C. § 423(d)(2)(C)).  However, the mere existence of a severe impairment or combination of impairments does not require a finding that an individual is disabled within the meaning of the Social Security Act.  To be disabling, the claimant's condition must be so functionally limiting as to preclude any substantial gainful activity for at least twelve consecutive months.  **See Kelley v. Chater,** 62 F.3d 335, 338 (10th Cir. 1995).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled:

1. The ALJ must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2. The ALJ must then determine whether the claimed impairment is "severe."  A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities.

3. The ALJ must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations.

4. If the claimant's impairment does not meet or equal a listed impairment, the ALJ must determine whether the claimant can perform his past work despite any limitations.

5. If the claimant does not have the residual functional capacity to perform her past work, the ALJ must decide whether the claimant can perform any other gainful and substantial work in the economy.  This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

20 C.F.R. §§ 416.920(a)(4) & (b)-(g).  **See also Williams v. Bowen** 844 F.2d 748, 750-52 (10th Cir. 1988).  The claimant has the initial burden of establishing a disability in the

first four steps of this analysis. ***Bowen v. Yuckert***, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294 n.5, 96 L.Ed.2d 119 (1987). The burden then shifts to the Commissioner to show that the claimant is capable of performing work in the national economy. ***Id.*** A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. ***Casias v. Secretary of Health & Human Services***, 933 F.2d 799, 801 (10th Cir. 1991).

Review of the Commissioner's disability decision is limited to determining whether the ALJ applied the correct legal standard and whether the decision is supported by substantial evidence. ***Hamilton v. Secretary of Health and Human Services***, 961 F.2d 1495, 1497-98 (10th Cir. 1992); ***Brown v. Sullivan***, 912 F.2d 1194, 1196 (10th Cir. 1990). Substantial evidence is evidence a reasonable mind would accept as adequate to support a conclusion. ***Brown***, 912 F.2d at 1196. It requires more than a scintilla but less than a preponderance of the evidence. ***Hedstrom v. Sullivan***, 783 F.Supp. 553, 556 (D. Colo. 1992). "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." ***Musgrave v. Sullivan***, 966 F.2d 1371, 1374 (10th Cir. 1992). Further, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." ***Thompson v. Sullivan***, 987 F.2d 1482, 1487 (10th Cir. 1993). Although a reviewing court should meticulously examine the record, it may not reweigh the evidence or substitute its discretion for that of the Commissioner. ***Id.***

### III. LEGAL ANALYSIS

In assessing the effect of plaintiff's mental impairments on her residual functional capacity, the ALJ here relied primarily on the opinion of Dr. Robert Hilton, a state agency physician who reviewed the medical record. Finding that plaintiff was moderately limited in several areas of work-related mental functioning, Dr. Hilton suggested plaintiff was "capable of performing simple repetitive tasks with minimal interaction with the public or coworkers." (Tr. 89.) The ALJ afforded this opinion "significant weight," finding it supported by the objective medical evidence, which he concluded showed plaintiff's functional limitations "do not preclude work-related activities when unskilled work and social functioning accommodation are provided." (Tr. 28; *see also* Tr. 30 (finding plaintiff had the residual functional capacity for "work . . . at the unskilled level with minimal interaction with the general public and co-workers").) However, because the ALJ's apparent equation of unskilled work the ability to perform work requiring "simple, repetitive tasks," as suggested by Dr. Hilton, is contrary to the law of this circuit, the disability decision must be reversed.

As defined by the Commissioner, unskilled work requires the mental ability, on a sustained basis, "to understand, carry out, and remember simple instructions; to respond appropriately to supervision, coworkers, and usual work situations; and to deal with changes in a routine work setting." **Social Security Ruling 85-15**, 1985 WL 56857 at *4 (SSA 1985). *See also* 20 C.F.R. § 416.968(a) ("Unskilled work is work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time."). However, the Commissioner has recognized a distinction between the

skill level required to do a job and the mental demands of that same job:

> Because response to the demands of work is highly individualized, the skill level of a position is not necessarily related to the difficulty an individual will have in meeting the demands of the job. A claimant's condition may make performance of an unskilled job as difficult as an objectively more demanding job.

**Social Security Ruling 85-15**, 1985 WL 56857 at *6. *See also Chapo v. Astrue*, 682 F.3d 1285, 1290 n.3 (10th Cir. 2012) (limitation to unskilled work "just accounted for issues of skill transfer, not impairment of mental functions – which are not skills but, rather, general prerequisites for most work at any skill level") (citation and internal quotation marks omitted); *Cira v. Colvin*, 67 F.Supp.3d 1206, 1209 (D. Colo. 2014) ("There is no direct correspondence between the skills necessary to do a job and the mental demands of that same job."). Accordingly, "[a] limitation to 'simple work' or 'unskilled jobs' is generally insufficient to address a claimant's mental impairments." *Groberg v. Astrue*, 505 Fed. Appx. 763, 770 (10th Cir. Dec. 14, 2012).

More particularly to the facts of this case, the Tenth Circuit has held that moderate limitations in, *inter alia*, the ability to maintain concentration, persistence, and pace – such as were suggested by Dr. Hilton's opinion concerning plaintiff's mental capabilities – are not adequately captured by a limitation to unskilled work, *even when further refined to require only simple, routine, and repetitive tasks*. *Jaramillo v. Colvin* 576 Fed. Appx. 870, 876 (10th Cir. Aug. 27, 2014).[2] Recognizing that "a moderate

---

[2] The circuit courts have split on this issue. *Cf. Allison v. Apfel*, 2000 WL 1276950 at *4 (6th Cir. Aug.30, 2000) (equating limitation to simple, routine, repetitive tasks with unskilled light work); *Celedon v. Colvin*, 2014 WL 4494507 at *10 (E.D. Cal. Sept. 12, 2014) ("[A] person restricted to simple, repetitive tasks can perform unskilled work."); *Orucevic v. Astrue*, 2008 WL 4621420 at *7 (W.D. Wash. Oct. 16, 2008) (noting regulatory definition of unskilled work "describes repetitive tasks as the primary work duty (handling, feeding and offbearing (that is, placing or removing materials from machines which are

impairment is not the same as no impairment at all," *Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007), and "supports the conclusion that the individual's capacity to perform the activity is impaired," **Program Operations Manual System** ("**POMS**") DI 24510.063 B.2,[3] the Tenth Circuit has required that such limitations be accounted for with precision in the ultimate determination of the claimant's residual functional capacity, *Jaramillo*, 576 Fed. Appx. at 876. This requirement in turn "demands that the ALJ express plaintiff's moderate impairments in mental functioning 'in terms of work-related functions' or '[w]ork-related mental activities.'" *Jaramillo*, 576 Fed. Appx. at 876 (quoting **Social Security Ruling 96-8p**, 1996 WL 374184 at *6 (SSA July 2, 1996)). A residual functional capacity expressed as being limited only to unskilled work requiring simple, repetitive tasks is insufficient to meet these requirements. *Id.*

Because I find this error warrants remand, I do not address directly plaintiff's arguments alleging that the ALJ improperly weighed and assessed the various medical source opinions of record. *See Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir.

---

automatic or operated by others), or machine tending"), *with Richter v. Commissioner of Social Security*, 379 Fed. Appx. 959, 961-62 (11th Cir. May 21, 2010) ("[A]lthough the ability to complete simple tasks is encompassed by the unskilled limitation, a limitation to repetitive tasks is not."); *Hall v. Commissioner of Social Security*, 218 Fed. Appx. 212, 216-17 & n.3 (3rd Cir. Feb. 22, 2007) (remanding where "Commissioner cite[d] no authority . . . supporting the proposition that a limitation to 'simple, repetitive tasks' . . . has no effect on an individual's ability to perform unskilled work" and "no vocational expert testimony was received to establish that limiting an individual to "simple, repetitive tasks," does not significantly erode the occupational base for unskilled jobs"); *Cornejo v. Colvin*, 2013 WL 2539710 at *10 (W.D. Tex. June 7, 2013) (remanding because, "[a]lthough 'repetitive' might be used to expand the category of unskilled simple work that can be performed in relation to a physical condition alleged to limit the ability to perform repetitive actions, in reference to a mental limitation of concentration, persistence, and pace, it appears more likely to restrict the category of unskilled simple work the Plaintiff was found able to perform"); *Teeter v. Astrue*, 2012 WL 5405531 at *2 (W.D.N.C. Nov. 6, 2012) (rejecting Commissioner's arguments that "unskilled work" was interchangeable with "simple, repetitive tasks").

[3] The POMS is "a set of policies issued by the Administration to be used in processing claims." *McNamar v. Apfel*, 172 F.3d 764, 766 (10th Cir. 1999). The court "defer[s] to the POMS provisions unless [it] determine[s] they are 'arbitrary, capricious, or contrary to law.'" *Ramey v. Reinertson*, 268 F.3d 955, 964 n. 2 (10th Cir. 2001) (quoting *McNamar*, 172 F.3d at 766).

2003); **Gorringe v. Astrue**, 898 F.Supp.2d 1220, 1225 (D. Colo. 2012). Nevertheless, on remand, the ALJ should take care to explicitly set forth the weight he assigns to each of the medical source opinions of record and his reasons for his determinations in that regard. For while the ALJ here has done an exceedingly thorough job of recounting the medical evidence of record, it is less clear to this court that he actually analyzed that evidence under the appropriate standards. **See Marr v. Colvin**, 67 F.Supp.3d 1267, 1271 (D. Colo. 2014).

Specifically, it appears to this court that the ALJ discounted much of the record evidence contrary to his ultimate disability determination based almost exclusively on plaintiff's refusal to take antidepressants or more vigorously pursue mental health treatment. Of course, a failure to seek efficacious treatment may provide a reason to discredit a plaintiff's claims of disability. **See Pacheco v. Sullivan**, 931 F.2d 695, 698 (10th Cir. 1991); **Huston v. Bowen**, 838 F.2d 1125, 1132 & n.7 (10th Cir. 1988). However,

> just as "it is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation," it appears unreasonable to this court to permit an ALJ to draw negative inferences from the treatment decisions of a claimant with a confirmed mental illness, at least where those decisions are both self-directed and apparently contrary to medical advice.

**Gonzales v. Colvin**, 69 F.Supp.3d 1163, 1172 (D. Colo. 2014) (quoting **Gutierrez v. Colvin**, 2008 WL 5246300 at *4 n.4 (D. Colo. Dec, 15, 2008) (citation and internal quotation marks omitted)). That caution may well pertain to this case as well, and the ALJ should make sure to fully explore and substantiate his conclusion that treatment

would be effective in this case.[4]

Although plaintiff intimates that a directed award of benefits may be appropriate here, I find that this case does not present a proper occasion for the exercise of my discretion in that regard.[5] **See Nielson v. Sullivan**, 992 F.2d 1118, 1122 (10th Cir. 1993).

## IV.  ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1. That the conclusion of the Commissioner through the Administrative Law Judge that plaintiff was not disabled is **REVERSED**;

2. That this case is **REMANDED** to the ALJ, who is directed to

   a. Reevaluate the medical opinions of record in light of the court's order herein, making specific findings regarding the weight assigned to each such opinion and the reasons therefor;

   b. Recontact any medical or other source, seek the testimony of medical or vocational experts, order further consultative examinations, or otherwise further develop the record as he deems necessary;

   c. Reevaluate his opinions at steps 4 and 5 of the sequential evaluation in accordance with this order, in particular, stating plaintiff's mental residual

---

[4] Relatedly, the ALJ appears to have relied improperly on his own lay (and entirely speculative) opinion as to the validity of plaintiff's reasons for refusing medication. (**See** Tr. 30 (hypothesizing that "there are no doubt countless medications that the claimant has yet to try that may be beneficial without the same side effect [weight gain].")). **See Hamlin v. Barnhart**, 365 F.3d 1208, 1221 (10th Cir. 2004). On remand, the ALJ should take care to ensure that his own negative assessment of plaintiff's credibility does not impact his evaluation of the medical evidence. **See McGoffin v. Barnhart**, 288 F.3d 1248, 1252 (10th Cir. 2002).

[5] By this decision, I do not find or imply that plaintiff is or should be found to be disabled.

        functional capacity in terms of specific, work-related functions which

        account for the moderate limitations found to be supported by the record,

        and ensuring that any hypothetical propounded to a vocational expert

        includes such specific, work-related limitations; and

        d.  Reassess the disability determination; and

3.  That plaintiff is **AWARDED** her costs, to be taxed by the clerk of the court pursuant to Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1 and 28 U.S.C. § 2412(a)(1).

Dated August 31, 2015, at Denver, Colorado.

        **BY THE COURT:**

        */s/ Robert E. Blackburn*
        Robert E. Blackburn
        United States District Judge