UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Robert E. Blackburn**

Civil Action No. 14-cv-02139-REB

KELLY A. KNUUTILA,

    Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

    Defendant.

**ORDER GRANTING PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412**

**Blackburn, J.**

The matter before me is plaintiff's **Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412** [#24],[1] filed November 24, 2015.  I grant the motion.

In this case, plaintiff appealed the Commissioner's decision denying plaintiff's application for supplemental security income benefits.  I found that the ALJ committed legal error insofar as he equated, without explanation, the medical source's opinion that plaintiff could perform "simple, repetitive tasks" with unskilled work.  I therefore reversed the disability determination and remanded to the Commissioner for further proceedings.

Plaintiff now seeks attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), which provides, in relevant part:

---

[1] "[#24]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF).  I use this convention throughout this order.

> a court shall award to a prevailing party other than the
> United States fees and other expenses . . . incurred by that
> party in any civil action. . ., including proceedings for judicial
> review of agency action, brought by or against the United
> States in any court having jurisdiction of that action, unless
> the court finds that the position of the United States was
> substantially justified or that special circumstances make an
> award unjust.

28 U.S.C. § 2412(d)(1)(A).[2]  As interpreted by the Supreme Court, "substantially justified" means "'justified in substance or in the main' – that is, justified to a degree that could satisfy a reasonable person." **Pierce v. Underwood**, 487 U.S. 552, 565, 108 S.Ct. 2541, 2550, 101 L.Ed.2d 490 (1988).  Stated differently, the test is whether there is a "reasonable basis in both law and fact" for the Commissioner's position.  **Id**., 108 S.Ct. at 2550; **Gilbert v. Shalala**, 45 F.3d 1391, 1394 (10th Cir.), **cert. denied**, 116 S.Ct. 49 (1995).  Although the term "'substantially justified' means, of course, more than merely undeserving of sanctions for frivolousness," **Pierce**, 108 S.Ct. at 2550, "a position can be justified even though it is not correct, and we believe it can be substantially (i.e., for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact," **id**. at 2550 n.2.  For this reason, a finding that the Commissioner's position was not supported by substantial evidence does not necessarily lead to a finding that the Commissioner's position was not substantially justified.  **Hadden v. Bowen**, 851 F.2d 1266, 1268-69 (10th Cir. 1988).

The Commissioner bears the burden of demonstrating that her position was substantially justified.  **Gilbert**, 45 F.3d at 1394.  I have discretion in determining

---

[2] The Commissioner does not contest that plaintiff is a prevailing party for purposes of the EAJA. **See Shalala v. Schaefer**, 509 U.S. 292, 302, 113 S.Ct. 2625, 2632, 125 L.Ed.2d 239 (1993) (party who secures remand to Commissioner under sentence four of 42 U.S.C. § 405(g) is a prevailing party).

whether this standard has been met. **Pierce**, 108 S.Ct. at 2548-49; **Stephenson v. Shalala**, 846 F.Supp. 49, 50 (D. Kan. 1994). In exercising that discretion, I must consider the case "as an inclusive whole, rather than as atomized line items." **Commissioner, Immigration and Naturalization Service v. Jean**, 496 U.S. 154, 162, 110 S.Ct. 2316, 2320, 110 L.Ed.2d 134 (1990). "Being incorrect on one point does not translate into lacking substantial justification for one's litigation position during the entirety of a civil action." **Jackson v. Chater**, 94 F.3d 274, 279-80 (7th Cir. 1996).

Although the Commissioner sets forth these legal precepts in her brief, she nevertheless fails to carry her burden to demonstrate that her position "during the entirety of the civil action" was substantially justified. The Commissioner's reliance on the Tenth Circuit's recent opinion in **Vigil v. Colvin**, 805 F.3d 1199 (10th Cir. 2015), in support of her arguments evidences the same myopia that infected the ALJ's opinion. The disability determination in **Vigil** was upheld because the ALJ adequately explained the basis for his step 4 residual functional capacity determination that the moderate limitations in concentration, persistence, and pace found at step 3 were not inconsistent with unskilled work. **See id.** at 1203-04.

Having so held, however, the court specifically noted that "[t]here may be cases in which an ALJ's limitation to 'unskilled' work does not adequately address a claimant's mental limitations." **Id.** at 1204. Indeed, the court specifically cited its earlier decision in **Chapo v. Astrue**, 682 F.3d 1285 (10th Cir. 2012), which plainly stands for the proposition that an unexplained limitation to simple or unskilled work would not adequately account for impairments in mental functioning, **id.** at 1290 n.3.

Such is precisely what happened here. The ALJ simply translated, without further examination or explication, Dr. Hilton's opinion that plaintiff could perform simple, repetitive tasks to a residual functional capacity for unskilled work. Nothing in *Vigil* overrides the Tenth Circuit's long-standing requirement that mental limitations be accounted for with precision in terms of work-related functions and mental activities in the residual functional capacity determination. *Jaramillo v. Colvin*, 576 Fed. Appx. 870, 876 (10th Cir. Aug. 27, 2014). The Commissioner's suggestion to the contrary lacks a reasonable basis in law and therefore cannot be considered substantially justified. *See Pierce*, 108 S.Ct. at 2550 n.2. Because the Commissioner has failed to meet her burden of proof on the issue of substantial justification, plaintiff is entitled to an award of attorney fees.

Plaintiff requests attorney fees in the amount of $7,085.63 representing 37.5 hours of attorney time devoted to this litigation. The Commissioner presents no argument that the total amount of time expended, the requested hourly rate,[3] or the total amount of fees requested are unreasonable. Moreover, my own experience suggests that the hours expended are reasonable and the fees requested comparable to awards made under the EAJA in similar cases. I therefore find and conclude that plaintiff is entitled to the entirety of his requested fees.

**THEREFORE, IT IS ORDERED** as follows:

---

[3] Plaintiff's request includes a request for an increase in the statutory rate to $188.95 per hour as a cost-of-living adjustment. "Except in unusual circumstances, a COLA should be freely given to plaintiffs applying for attorneys' fees under EAJA." *Greenhill v. United States*,. 96 Fed. Cl. 771, 783 (Fed. Cl. 2001). *See also Baker v. Bowen*, 839 F.2d 1075, 1084 (5th Cir. 1988); *see also Payne v. Sullivan*, 977 F.2d 900, 903 & n.2 (4th Cir. 1992). As the Commissioner offers no argument that this rate is unreasonable or otherwise unwarranted, I grant plaintiff's request for an increase in the statutory hourly rate.

1.  That plaintiff's **Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412** [#24], filed November 24, 2015, is granted; and

2.  That pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A), plaintiff is awarded attorney fees of $7,085.63.

Dated January 22, 2016, at Denver, Colorado.

**BY THE COURT:**

*Bob Blackburn*
Robert E. Blackburn
United States District Judge

5